Filed in open court this 11th day of October, 2007.

dk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Criminal Action No. CR07-79-2-JJF |
| | ) |
| DAVID SOUTHERN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and the defendant, David Southern, by and through his attorney, R. Kerry Kalmbach, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty in the United States District Court for the District of Delaware to Counts I and II of the Indictment. Count I charges Defendant with conspiracy to engage in a straw purchase of a firearm, in violation of Title 18, United States Code, Section 371. The maximum penalties for Count I are five years imprisonment, a $250,000 fine, a term of supervised release of 3 years, and a $100.00 special assessment. Count II charges Defendant with making a false statement in connection with a firearms purchase, in violation of Title 18, United States Code, Section 922(a)(6). Defendant understands that the maximum penalties for Count II are ten years imprisonment, a $250,000 fine, a term of supervised release of 3 years, and a $100 special assessment.

FILED

OCT 11 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2. The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following essential elements of the offense to which he is pleading guilty, that is, for Count I: (1) the conspiracy to make a false statement to acquire a firearm, as described in the indictment, was formed, reached, or entered into by two or more persons; (2) at some time during the existence or life of the conspiracy, Defendant knew the purpose(s) of the agreement, and, with that knowledge, then deliberately joined the conspiracy; and (3) at some time during the existence or life of the conspiracy, one of its alleged members knowingly performed one of the overt acts charged in the indictment and did so in order to further or advance the purpose of the agreement. Defendant further understands that the Government would have to prove the following elements beyond a reasonable doubt with respect to Count II: (1) that the entity from which Defendant purchased the firearm was a licensed federal firearms dealer; (2) in connection with buying a firearm from a dealer, Defendant made a false statement; (3) Defendant knew the statement was false; and (4) the false statement was intended or likely to deceive the dealer into believing that the firearm could be lawfully sold to Defendant

3. In connection with the parties' agreement, Defendant acknowledges that beginning on or about May 14, 2007, and continuing to on or about May 17, 2007, he conspired with co-defendant Robert W. Davis to acquire a firearm – that is, a Kahr .45 caliber pistol, Model P45, Serial No. SA2497 – from Targetmaster, a licensed federal firearms dealer, by falsely representing that he was acquiring the firearm for his own use, when he knew that he was purchasing the firearm for a third party. Defendant further agrees that, in furtherance of this conspiracy he traveled from Wilmington, Delaware, to the Targetmaster gun store in Chadds Ford, Pennsylvania, where he purchased the firearm. Defendant expressly admits that he falsely filled out an ATF Form 4473

Firearms Transaction Record in connection with his purchase of the firearm, in which he misrepresented that he was the actual buyer of the firearm. Defendant Southern acknowledges that he entered into an agreement with co-defendant Davis to be compensated for making the false statement and for obtaining the firearm on behalf of a third party.

4. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage, the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. The defendant agrees to pay the $200 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the

Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

|   |   |
|---|---|
| /s/ R. Kerry Kalmbach | COLM F. CONNOLLY<br>United States Attorney |
| R. Kerry Kalmbach, Esquire<br>Attorney for Defendant | By: /s/ Robert F. Kravetz<br>Robert F. Kravetz<br>Assistant United States Attorney<br>9/10/2007 |
| /s/ David Southern<br>David Southern<br>Defendant | |

Dated: August 31st, 2007

AND NOW, this __11__ day of __OCTOBER__ 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~rejected~~ by this Court.

/s/ Joseph J. Farnan, Jr.
Hon. Joseph J. Farnan, Jr.
United States District Judge

4